[Cite as *State v. Little*, 2022-Ohio-3980.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

             Plaintiff-Appellee,

- vs -

JASON LITTLE,

             Defendant-Appellant.

|

**CASE NO. 2022-P-0051**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00144

---

**M E M O R A N D U M**
**O P I N I O N**

Decided: November 7, 2022
Judgment: Appeal dismissed

---

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jason Little*, pro se, Portage County Justice Center, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} On September 16, 2022, appellant, Jason Little, pro se, filed a notice of appeal. Appellant states that he is appealing a February 17, 2022 trial court entry. However, he attached to his notice of appeal the Grand Jury Indictment against him for two counts of aggravated trafficking in drugs filed on February 17, 2022.

{¶2} A review of the trial court docket reflects that appellant's jury trial is set for November 1, 2022.

{¶3} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶11} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a

2

disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Eyajan,* 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419.

{¶12} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been convicted or sentenced in his criminal case. Appellant has a remedy to appeal when the case is concluded by the trial court.

{¶13} Accordingly, the appeal is hereby dismissed for lack of a final appealable order.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

3

Case No. 2022-P-0051